NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLUS JACKSON,

Plaintiff - Appellant,

v.

CYNTHIA TAMPKINS, et al.,

Defendants - Appellees.

No. 24-4272

D.C. No. 5:18-cv-01974-FLA-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Former California state prisoner Carlus Jackson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Omar*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed Jackson's action because Jackson failed to allege facts sufficient to state a plausible due process or equal protection claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (explaining that a prisoner has no protected liberty interest when a restraint neither extends the length of their sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (explaining that an equal protection claim requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Jackson's state law claims. *See Dyack v. N. Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that the district court may decline to exercise supplemental jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction" (citing 28 U.S.C. § 1367(c)(3)).

2                                                                                    24-4272

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**